ADAMS v WAYNE COUNTY TREASURER

1. COURTS—PROBATE COURTS—CIRCUIT COURTS—EVIDENCE—JUDICIAL NOTICE.

A circuit court may not properly take judicial notice that the quantity and nature of services performed by the probate court are similar regardless of the size of the estate involved.

2. COURTS—CIRCUIT COURTS—EVIDENCE—JUDICIAL NOTICE—PROBATE COURTS—OPERATING FUNDS.

A trial court could not properly take judicial notice that the Wayne County Probate Court receives the bulk of its operating funds from the County of Wayne.

3. COURTS—PROBATE COURTS—PROBATE INVENTORY FEES—ESTATES OF DECEDENTS—STATUTES.

A section of the probate code which gears the probate inventory fee to the size of a decedent's estate seems reasonable on its face where it is not obvious that the expenses to the state will be equal for each estate; a legislative purpose to tax does not appear in the statute (MCLA 701.17; MSA 27.3178[17]).

4. COURTS—PROBATE COURTS—PROBATE INVENTORY FEES—CONSTITUTIONAL LAW—TITLE-OBJECT CLAUSE.

The probate inventory fee provision of the act relating to the organization and jurisdiction of the probate courts does not violate the title-object clause of the Michigan Constitution since the fee provision is germane, auxiliary or incidental to the general purpose of the title of the act (Const 1963, art 4, § 24, 1939 PA 288).

5. PARTIES—CLASS ACTION—COMMON ISSUES—ADEQUATE REPRESENTATION.

There are two general requirements that the courts focus on in

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 20 Am Jur 2d, Courts §§ 17, 32.
[5] 59 Am Jur 2d, Parties §§ 69, 71.
[6] 59 Am Jur 2d, Parties §§ 85, 86.
[7] 52 Am Jur 2d, Mandamus §§ 149, 150, 160.
[8] 66 Am Jur 2d, Restitution and Implied Contracts § 4.
[9] 59 Am Jur 2d, Parties § 47 *et seq.*

determining if a class action is properly brought as such: (1) the representatives must share common issues and interests with the unnamed class members, and (2) the courts must be assured that the representatives will vigorously prosecute the rights of the class through qualified counsel.

6. Parties—Class Action—Intervention—Class Representatives—Disqualifications.

The failure of other members of a class to intervene in a class action is no reason to disqualify the named plaintiffs as class representatives.

7. Mandamus—Recovery of Fees—Disputed Statutes.

A mandamus action against a county or state treasurer is not the proper action for recovery of fees collected under a disputed statute.

8. Action—Restitution—Defenses—Good Faith.

Good faith on the part of the defendant is not a defense per se to an action for restitution.

9. Parties—Class Action—Recovery by Individual Members—Small Size of Recovery—Denial of Recovery.

The small size of the recovery by individual class members is not a proper reason for denying recovery in a class action.

Appeal from Wayne, Thomas J. Brennan, J. Submitted October 10, 1975, at Detroit. (Docket Nos. 20365, 20433.) Decided September 27, 1976.

Complaint by Irven Adams, executor of the estate of Dessie Kirtley, deceased, Stuart A. Goldfarb, executor of the estate of Abe Goldfarb, deceased, and Mary Blackburn, against the Wayne County Treasurer, the County of Wayne, the State Treasurer, and Ernest C. Boehm, George N. Bashara, Jr., Frank S. Szymanski, Joseph J. Pernick, Ira G. Kaufman, and James H. Lincoln, judges of the Wayne County Probate Court, seeking a judgment declaring portions of the probate code unconstitutional, an injunction enjoining the collection of inventory fees or the enforcement of the probate inventory fee schedule, and the appointment of a receiver to whom all fees previously

collected under the probate inventory fee schedule should be paid for reimbursement to the named plaintiffs and to all members of the class of executors and administrators of decedents' estates who have paid fees to the probate court under the challenged graduated fee schedule. Summary judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*Karbel, Eiges, Rothstein & Karbel,* for plaintiffs.

*Aloysius J. Suchy,* Corporation Counsel, and *John K. Godre,* Assistant Corporation Counsel, for defendants Wayne County, Wayne County Treasurer and the Wayne County Probate Judges.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert R. Roesch,* Assistant Attorney General, for defendant Michigan State Treasurer.

Before: BRONSON, P. J., and M. J. KELLY and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Plaintiffs commenced a class action in Wayne County Circuit Court challenging the constitutionality of § 17 of Chapter 1 of Michigan's Probate Code, MCLA 701.17; MSA 27.3178(17) as amended through 1969 (the probate inventory fee).[1] Plaintiffs claimed that the statu-

---

[1] "Sec. 17. (1) In all decedents' estates in which proceedings are instituted for probate on and after January 1, 1970, the probate judge shall charge and collect the following fees as an expense of administration: In small estates under section 41 of chapter 8, $6.25; in small estates under section 39 of chapter 8, $18.75; in other estates, on the value of all assets, real and personal, as of the date of the death of the decedent, as follows: Estates of value of less than $3,000.00, $25.00; on value of $3,000.00 and less than $10,000.00, $25.00 plus 5/8 of 1% over $3,000.00; on value of $10,000.00 but less than $25,000.00, $68.75 plus 1/2 of 1% over $10,000.00; on value of $25,000.00 but less

tory fee schedule, in which the fee was based on

than $50,000.00, $143.75 plus 3/8 of 1% over $25,000.00; on value of $50,000.00 but less than $100,000.00, $237.50 plus 1/4 of 1% over $50,000.00; on value of $100,000.00 to $500,000.00, $362.50 plus 1/8 of 1% over $100,000.00; for each additional $100,000.00 value or large fraction thereof, over $500,000.00, $62.50; for each additional $100,000.00 value, or larger fraction thereof, over $1,000,000.00, $31.25.

"(2) The probate judge or the probate register shall make 1 certified copy or exemplification of any record, paper or proceeding in such probate court, and shall furnish the same to the fiduciary of the estate or his attorney of record on request therefor, except as shall be hereinafter specifically provided; and shall charge and collect fees for such exemplifications and certified copies as follows: For letters of authority, $2.50; for order confirming adoption, $2.50; for order authorizing waiver of 3-day waiting period and immediate issuance of marriage license, $3.75; for performing a marriage ceremony, $6.25; and for all other exemplifications and certified copies in closed estates, guardianships, and in matters not connected with estates in process of administration or for any other exemplifications and certified copies which the probate judge may issue, at the rate of $2.50 for the first page and $1.25 for each additional page thereof, such charge to cover the entire cost of such certified copy or exemplification, including the certification thereof; issuance of commission to take testimony, $6.25, which fees shall accrue 2/5 to the county treasurer and 3/5 to the state treasurer, to be deposited in the general fund of the county and of the state. Such court, where such order shall necessarily be entered in the administration of an estate, shall deliver to the printer or publisher a certified copy of each order for publication. Such court may in its discretion waive the fee for performing a marriage ceremony where the parties thereto are indigent and the prospective bride is pregnant. No charge shall be made nor shall any fee be collected on account of or by reason of the furnishing of certified copies in connection with proceedings for the admission and commitment of persons to mental hospitals or any facility or institution maintained or operated by the state of Michigan or the federal government for the care of mentally ill persons, or for determining inheritance tax. Fees for taking, certifying, sealing and forwarding depositions shall be $5.00, and 10 cents per folio, which shall be considered as costs in the case, and for each copy of the deposition furnished 3 cents per folio. The probate court stenographer may collect for transcripts of testimony requested by any interested party, unless ordered by the probate judge, other than depositions, the sum of 25 cents per original folio and 10 cents for each copy thereof unless a lower rate is agreed upon, and such fees collected shall be paid to such probate court stenographer by the party ordering him, which shall accrue to him in addition to his salary. This section shall not be so construed as to modify or repeal Act No. 243 of the Public Acts of 1919, being section 35.41 of the Compiled Laws of 1948.

"(3) All fees received by the probate court during each month shall be paid to the county treasurer and the state treasurer on or before the tenth day of the succeeding month and shall be credited to the

the size of the estate, was in fact a tax or revenue raising scheme rather than a reasonable expense of administration in probating decedent's estates. Plaintiffs alleged that those provisions of the statute, subparagraphs (1) and (3) of § 17, as such a tax or revenue raising scheme, were unconstitutional, in violation of Const 1963, art 4, § 24; art 9, § 3; and art 4, § 32.

In the alternative, plaintiffs argued that even if the fee was held not to be a tax, the provisions were nevertheless unconstitutional, in violation of the title-body clause, Const 1963, art 4, § 24, and the equal protection clauses of the Federal and state constitutions, US Const, Am XIV and Const 1963, art 1, § 2. They sought relief ordering the Wayne County Treasurer, the State Treasurer, and the Wayne County Probate Judges to cease collecting or enforcing such fees and to return certain fees already paid.

Both plaintiffs and defendants moved for summary judgment. The trial court granted plaintiffs' motion for summary judgment and all of their requested relief. Defendants appeal of right.

In its written opinion the trial court ruled the suit a proper class action and then held that, on the face of the statute, the fee was a tax. The court relied on *Vernor v Secretary of State,* 179 Mich 157; 146 NW 338 (1914), in which the Supreme Court held that the amount of an automobile licensing fee, graduated according to horsepower, was unreasonably disproportionate to the

general fund of such county and the state. All fees chargeable under paragraph (1) of this section shall be due and payable to the probate judge before the filing of the final account or within a period of 1 year after the commencement of probate proceedings, whichever occurs first, and no such final accounting shall be accepted by the probate judge until such fees have been paid in full and shown as part of the final accounting; an official receipt shall be issued to the payer at the time of each collection of fees."

expense involved and, therefore, a tax. The trial court stated:

"We need take judicial notice that quantity and nature of services by the Court is relatively similar regardless of the size of the estates considered in this action."

The court determined that the provisions violated Const 1963, art 4, § 32, ("Every law which imposes, continues or revives a tax shall distinctly state the tax"), and were therefore unconstitutional. The trial court also held that the statutory fee schedule was an improperly assessed ad valorem tax and hence unconstitutional under Const 1963, art 9, § 3.

The court concluded that, whether the sums to be collected were fees or a tax, the provisions were unconstitutional under Const 1963, art 4, § 24, since the title of the act mentioned nothing about a fee or tax or the collection of the fee or tax. The court declined to decide the other constitutional issues raised by plaintiff.

We determine initially that the trial court erred in taking judicial notice of the fact that the quantity and nature of the services performed by the probate court were similar regardless of the size of the estates involved. That proposition may very well be true, but it was not a fact of which the circuit court could properly take judicial notice. See McCormick, Evidence (2d ed), § 328 *et seq.,* p 757, *et seq.,* (1972), also, 9 Wigmore, Evidence (3d ed), § 2569, pp 539–540 (1940). The trial court also stated:

"This Court must take judicial notice that the Wayne County Probate Court receives the bulk of its funds for operation from the County of Wayne."

This too was not a matter of which the circuit court could properly take judicial notice.

*Vernor v Secretary of State, supra,* is not to the contrary. In that case, the Supreme Court emphasized that the Legislature had converted a prior system of taxation of automobiles into a registration system, with the fee geared to the horsepower of the automobile. There, the legislative intent to tax appeared in the statute, and the sole expenses of the state related to registration were the same for each registrant, despite imposition of a graduated "fee" schedule. The *Vernor* court carefully noted that,

"[i]t has been held that what is a reasonable fee must depend largely upon the sound discretion of the legislature, having reference to all the circumstances and necessities of the case. It will be presumed that the amount of the fee is reasonable, unless the contrary appears upon the face of the law itself, *or is established by proper evidence." Vernor, supra,* 179 Mich 168. (Emphasis added.)

In this case, the statute upon its face seems reasonable in gearing the probate inventory fee to the size of the estate. It is not obvious, as it was in *Vernor,* that the expenses to the state connected with the fee will be equal for each estate. A legislative purpose to tax does not otherwise appear in this statute. This Court considered almost identical issues in *Foreman v Oakland County Treasurer,* 57 Mich App 231; 226 NW2d 67 (1974), and held that the probate inventory fee was not unconstitutional on its face. We agree with that judgment, but remand to allow plaintiffs the opportunity to produce competent evidence to support their claim. Absent such evidence, plaintiffs' challenge to the probate inventory fee as an un-

constitutional tax must fail. *Vernor v Secretary of State, supra.*

To provide guidance on remand, however, we shall address certain other issues raised.

I

The probate inventory fee does not violate the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24, which provides:

"No law shall embrace more than one object, which shall be expressed in its title."

The constitution seeks to minimize two dangers via the title-object clause. First, that legislators approve statutes that are not fully understood and, second, that the public be unaware of the laws of this state. *People v Stanton,* 69 Mich App 495; 245 NW2d 106 (1976). Neither of those dangers is present in the context of the probate inventory fee. The Legislature has amended the section of the Probate Code providing for the probate inventory fee three times since the creation of the fee in 1966. It seems clear that the Legislature took some care in creating and revising the probate inventory fee: it plainly was not the product of careless consideration.

The public is not likely to be misled by the title to the section dealing with the fee. *People v Milton,* 393 Mich 234, 246–247; 224 NW2d 266 (1974), provides a guideline for analysis of this issue:

"It is now well established that the title need not serve as an index of all that the act contains:

" 'An abridgement of all those sections is not essential to a sufficient title. While it contains various related provisions not directly indicated or enumerated in

the title, under the construction of this constitutional requirement, as many times reviewed by this court, if the act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose, the constitutional requirement is met.' *Loomis v Rogers,* 197 Mich 265, 271; 163 NW 1018 (1917)."

The Michigan probate code is entitled:

"An Act to revise and consolidate the statutes relating to the organization and jurisdiction of the probate courts of this state; the powers and duties of such courts, and the judges and other officers thereof; the statutes of descent and distribution of property, and the statutes governing the probating of estates of decedents, disappeared persons and wards, change of name of adults, the adoption of children and the jurisdiction of the juvenile division of the probate courts over children; *to prescribe the manner and time within which claims against estates and other actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in actions and proceedings in said courts;* appeals from said courts; to provide remedies and penalties for the violation of certain provisions of this act; and to repeal certain acts and parts of acts." (Emphasis added.) 1939 PA 288.

Provision of the fee is "germane, auxiliary, or incidental" to the general purpose of providing for "practice and procedure" in the probate courts. Or, to put it in terms of the purpose of this constitutional provision, the title indicates that this is where to look for provisions such as filing fees. We agree with *Foreman v Oakland County Treasurer, supra,* that the probate inventory fee does not violate the title-object clause. The trial court's ruling on that issue is reversed.

## II

Appellees argue that the probate inventory fee violates equal protection of the law under Const 1963, art 1, § 2 and US Const, Am XIV. The trial court found it unnecessary to rule on this issue, and in our disposition of the case, we deem it unnecessary as well, allowing the plaintiffs to offer proof to sustain their heavy burden as recognized in *Foreman v Oakland County Treasurer, supra.*

## III

The trial court was correct in finding this suit to be a proper class action under GCR 1963, 208.1(3). Our Supreme Court has recently examined the requirements for a valid class action under GCR 1963, 208.1(3) in *Northview Construction Co v St Clair Shores,* 395 Mich 497, 508–509; 236 NW2d 396 (1975), *reh granted,* 395 Mich 924 (1976):

"With reference to spurious class actions the courts focus on two general requirements. 'First, the representatives must share common issues and interests with the unnamed class members. Second, the court must be assured that the representatives will vigorously prosecute the rights of the class through qualified counsel.' *Epstein v Weiss,* 50 FRD 387, 392 (ED La, 1970)."

In this action, each of the three named plaintiffs represents a different division of the affected class. Plaintiff Mary Blackburn represents fiduciaries of estates of decedents who were required to pay the fee imposed by the statute in order that they be discharged of their fiduciary duty by the probate court. Plaintiff Stuart A. Goldfarb represents those fiduciaries of estates who have already paid the required fee, but have not yet been discharged from their fiduciary responsibility by the court.

Plaintiff Irven Adams represents fiduciaries of estates who have not yet paid the required fee, but who will be required to do so before the estate is closed and the fiduciaries discharged. The named plaintiffs have continued their representation over the six years since the suit's inception, and there has been no showing that they have failed in their duty to adequately represent their respective divisions of the class. The common issues of fact and law between the class and the named parties are apparent. Merely because other members of the class have failed to intervene is no reason to disqualify the present named plaintiffs as class representatives. In *Northview Const Co v St Clair Shores, supra,* the fact that the original parties had accepted judgments and satisfaction did not prevent subsequent named parties from continuing to represent the class. This case shows even less danger of inadequate representation.

## IV

If the circuit court finds the probate inventory fee to be unconstitutional, it has the power to order restitution of fees already collected. Although appellant State Treasurer argues that mandamus is the proper action, a suit for recovery of fees collected under a disputed statute is not the suit for enforcement of a clear legal duty on the part of a state official that is the kernel of mandamus. *Bills v Grand Blanc Twp,* 59 Mich App 619, 622; 229 NW2d 871 (1975), *Iron County Board of Supervisors v Crystal Falls,* 23 Mich App 319; 178 NW2d 527 (1970).

The appellees need not show absence of good faith on the part of the appellants in order to recover upon a holding of unconstitutionality. Although good faith of the defendants may be a

factor relevant in considering proper equitable relief, *Bond v Ann Arbor School Dist,* 383 Mich 693; 178 NW2d 484 (1970), it is not a defense per se to an action for restitution. Appellants claim that the small size of the recovery of individual class members should preclude recovery. That argument lacks merit.

"If the class action was properly brought, the fact that the fees to be recovered are small for each member of the class, or that expense may be entailed in making a refund, or that the funds have been used by defendant, ought not to bar recovery. It is in the very nature of a class action that the claim of each individual member of the class may be such as to alone scarcely warrant pursuit of repayment. If an action is successful, the fruits of the action should not be denied to the class unless the reasons for denial are most cogent." *Bond v Ann Arbor School Dist,* 383 Mich at 702.

Reversed and remanded. No costs, a public question being involved.