PEOPLE v RECORDER'S COURT JUDGE #2

(PEOPLE v GLASS)

1. APPEAL AND ERROR—COURTS—CRIMINAL LAW—RECORDER'S COURT —MAGISTRATES—PRELIMINARY EXAMINATION—APPEAL TO CIRCUIT COURT—SUPERINTENDING CONTROL—DISMISSAL OF CHARGES.

    Review in the circuit court of an order by a Recorder's Court Judge, while acting as a magistrate, suppressing evidence and dismissing the charges against a defendant at a preliminary examination is properly sought by the prosecution's filing of a complaint in the circuit court for an order of superintending control.

2. APPEAL AND ERROR—COURTS—CRIMINAL LAW—RECORDER'S COURT —CIRCUIT COURTS—SUPERINTENDING CONTROL—COURT OF APPEALS—CLAIM OF APPEAL.

    Review of a circuit court order denying superintending control over a Recorder's Court Judge acting as a magistrate in a criminal matter is properly obtained in the Court of Appeals by claim of appeal.

3. COURTS—APPELLATE COURTS—CASE LAW—EFFECTIVE DATE.

    Case law is effective upon the date of the filing of the opinion in which it is contained; an exception arises in those instances where the court rendering an opinion specifically states that the opinion is effective at a different date.

4. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—EVIDENCE—SUPPRESSION OF EVIDENCE—DRUGS—WEAPONS—CURTILAGE OF DWELLING HOUSE.

    A provision in the Michigan Constitution which allows the admission into evidence of drugs and weapons seized outside the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] (no reference)

[2] 4 Am Jur 2d, Appeal and Error § 267 *et seq.*

[3] 20 Am Jur 2d, Courts § 183 *et seq.*

[4] 68 Am Jur 2d, Searches and Seizures §§ 19, 20.

[5, 6] 73 Am Jur 2d, Statutes §§ 99, 101, 103, 104, 123.

[7] 20 Am Jur 2d, Courts §§ 199, 201.

curtilage of a dwelling house applies only to that search and seizure clause of the constitution and does not preclude the suppression of such evidence on other grounds (Const 1963, art 1, § 11).

5. CONSTITUTIONAL LAW—TITLE-OBJECT CLAUSE—STATUTES—GENERAL PURPOSE—GERMANE, AUXILIARY, OR INCIDENTAL PROVISIONS.

A statute will be upheld in the face of a challenge that it violates the title-object clause of the Michigan Constitution where the act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and the provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose (Const 1963, art 4, § 24).

6. ARREST—MISDEMEANORS—BONDS—NOTICE—EVIDENCE—SUPPRESSION OF EVIDENCE—SEARCHES AND SEIZURES—STATUTES.

Notice to a person arrested on a misdemeanor charge of the statutory right to a bond is an incidental requirement in order to make the statutory right effective; suppression of evidence found during a search in preparation for incarceration of a party arrested for a misdemeanor violation in a case where that party is not given notice of the right to a bond is auxiliary and necessary to effect the purpose of the bond statute (MCLA 780.581; MSA 28.872[1]).

7. COURTS—COURT OF APPEALS—SUPREME COURT HOLDING.

The Court of Appeals is powerless to overturn a Supreme Court holding.

Appeal from Wayne, James N. Canham, J. Sub-25366.) Decided January 5, 1977. Leave to appeal applied for.

Complaint by the people against Dalton A. Roberson, Detroit Recorder's Court Judge, for an order of superintending control to require the judge to bind over Brenda Glass for trial on a charge of possession of a controlled substance. Order of superintending control denied. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Research, Training and Appeals, *Raymond P. Walsh,* and *Timothy A. Baughman,* Assistants Prosecuting Attorney, for the people.

*Alphonso R. Harper,* for Judge Roberson.

Before: QUINN, P. J., and R. B. BURNS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Brenda Glass (defendant) was arrested and charged with possession of a controlled substance contrary to MCLA 335.341; MSA 18.1070(41). At the conclusion of a preliminary hearing, a Recorder's Court Judge, sitting as a magistrate, suppressed the sole incriminating evidence and dismissed the charge. The prosecutor sought review by an order of superintending control in Wayne County Circuit Court. On April 8, 1975, the circuit court denied relief, and the people brought this appeal as of right.

As in the companion case of *People v Recorder's Court Judge #1,* 73 Mich App 150; 250 NW2d 809 (1977), we face the preliminary question whether the prosecutor properly sought review in the circuit court by order of superintending control. For the reasons discussed in *People v Recorder's Court Judge #1, supra,* we hold that review was properly sought by order of superintending control in the circuit court. Review of the circuit court's decision is properly obtained in this Court by claim of appeal.

On the merits, we affirm the circuit court's denial of relief. The recorder's court properly suppressed the evidence as illegally seized under *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974). The facts are little changed from those involved in

*Dixon, supra.* Defendant Glass was arrested November 12, 1974, for loitering and was searched for weapons at the scene of the arrest. At the station house, she was told that she would soon be searched for purposes of incarceration, whereupon she pulled out her blouse, and a bag of heroin fell on the floor. There is no evidence in the record that the defendant was ever apprised of her right to immediate release on bond as provided by MCLA 780.581; MSA 28.872(1)[1]. In order to make this statutory right to immediate bond effective, *Dixon, supra,* applies the sanction of suppression of any evidence seized in a custodial search conducted before allowing the defendant the opportunity to post bond. Since the sole evidence to sustain the charge must be suppressed, the charge was properly dismissed.

The prosecutor raises several challenges to the

---

[1] MCLA 780.581; MSA 28.872(1) provides:

"Sec. 1. (1) When any person is arrested without a warrant for a misdemeanor, violation of a city, village or township ordinance punishable by imprisonment for not more than 90 days or by a fine of not more than $100.00, or both, the officer making the arrest shall take, without unnecessary delay, the person arrested before the most convenient magistrate of the county in which the offense was committed to answer to the complaint made against him.

"(2) If no magistrate is available or immediate trial cannot be had, the person so arrested may recognize to the direct supervisor of the arresting officer or department or the sheriff or his deputy, in charge of the county jail if the person so arrested is lodged in the county jail for his appearance by leaving with him:

"(a) A sum of money not to exceed $100.00, if the offense is punishable by imprisonment for not more than 90 days or by a fine, or both except as provided in subdivision (b).

"(b) A sum of money not to exceed $200.00, if the offense is a violation of sections 619, 625 or 626 of Act No. 300 of the Public Acts of 1949, as amended, being sections 257.619, 257.625 and 257.626 of the Compiled Laws of 1948, or an ordinance corresponding thereto.

"(3) If, in the opinion of the arresting officer or department, the arrested person is under the influence of liquor or narcotic drug, is wanted by police authorities to answer to another charge, or it is otherwise unsafe to release him, the arrested person shall be held until he is in a proper condition to be released, or until the next session of court."

application of *Dixon, supra.* We shall briefly respond.

1. The search at issue took place 13 days after the *Dixon* decision was filed, but 15 days before the official advance sheets containing *Dixon* were published. The prosecutor argues on the authority of *People v McMillan,* 68 Mich App 113; 242 NW2d 518 (1976), that to apply *Dixon* to police conduct which occurred before publication of the official advance sheets would raise the issue of *Dixon*'s retroactive effect.

We do not agree. *McMillan* was a construction of language in *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974), which limited the automatic reversal rule in *McCoy* to "cases tried after the *publication* of this opinion". 392 Mich at 240. Nowhere in *Dixon* does the Supreme Court restrict the application of its ruling to conduct after "publication". We see little reason to vary from the long held rule that case law is effective upon the date of the filing of the opinion in which it is contained. See *Desist v United States,* 394 US 244; 89 S Ct 1030; 22 L Ed 2d 248 (1969), directing the rule of *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967), to apply to police conduct which occurred after the filing date of *Katz.* Thus, it is unnecessary to decide whether *Dixon* should be limited to prospective application.

2. The proviso in the Michigan Constitution for admission into evidence of drugs and weapons seized outside the curtilage of a dwelling house applies only to claims arising under the same "search and seizure" clause of the constitution, Const 1963, art 1, § 11. "The proviso does not preclude the suppression *on other grounds* of drugs and weapons seized outside the curtilage of a dwelling house." *People v Dixon,* 392 Mich 691,

707; 222 NW2d 749, 756 (1974) (separate opinion of
LEVIN, J.). (Emphasis supplied.)

3. The prosecutor claims that *Dixon*'s construction of MCLA 780.581; MSA 28.872(1) would make
the statute violate the title-object clause of the
Michigan Constitution, Const 1963, art 4, § 24,
which reads:

> "No law shall embrace more than one object, which
> shall be expressed in its title. No bill shall be altered or
> amended on its passage through either house so as to
> change its original purpose as determined by its total
> content and not alone by its title."

The purpose of the title-object clause is (1) to
ensure that legislators pass only those bills of
which they are fully apprised, and (2) to minimize
public ignorance of the law by making the law
more accessible. *Adams v Treasurer of the County
of Wayne,* 71 Mich App 275, 282; 248 NW2d 232,
235 (1976). A statute will be upheld "if the act
centers to one main general object or purpose
which the title comprehensively declares, though
in general terms, and if provisions in the body of
the act not directly mentioned in the title are
germane, auxiliary, or incidental to that general
purpose." *Loomis v Rogers,* 197 Mich 265, 271; 163
NW 1018, 1020 (1917).

We find that the title of MCLA 780.581; MSA
28.872(1) adequately describes the statute's content, as construed by *Dixon, supra.* 1961 PA 44, as
amended by 1970 PA 157 to produce the current
version of MCLA 780.581; MSA 28.872(1), is entitled:

> "An Act to provide for the release of misdemeanor
> prisoners by giving bond to the arresting officer in

certain circumstances not inconsistent with public safety; and to repeal certain acts and parts of acts."

In order to make the statutory right to bond effective, *Dixon, supra,* construed MCLA 780.581; MSA 28.872(1) to include the incidental requirement of notice to the arrestee. *Dixon's* suppression remedy is auxiliary and necessary to the purpose of the statute. "[N]o other remedy is as likely to assure [the statute's] full enforcement and the protection of the citizenry at large from unwarranted and unnecessary inconvenience, embarrassment and risk attendant incarceration for a minor * * * offense." 392 Mich at 705–706; 222 NW2d at 755.

4. Finally, to the extent that the prosecutor asks us to hold that *Dixon* erroneously construes MCLA 780.581; MSA 28.872(1), he fails to perceive the role of this Court. Even if we were in disagreement with the Supreme Court's holding, we are powerless to overturn it.

The denial of superintending control is affirmed.