PEOPLE v RECORDER'S COURT JUDGE #1

(PEOPLE v DICKENS)

1. APPEAL AND ERROR—PRELIMINARY EXAMINATION—RECORDER'S COURT—WAYNE CIRCUIT COURT—COURT OF APPEALS—SUPERINTENDING CONTROL—APPEAL AS OF RIGHT.

Review of a decision by the recorder's court to discharge a defendant at the conclusion of a preliminary examination is by complaint for an order of superintending control in Wayne County Circuit Court, followed by an appeal as of right to the Court of Appeals.

2. COURTS—RECORDER'S COURT—JURISDICTION.

Detroit Recorder's Court retains three separate jurisdictional grants: circuit court criminal subject matter jurisdiction, district court jurisdiction as examining magistrate, and municipal court jurisdiction over ordinance violations.

3. ROBBERY—ARMED ROBBERY—PRELIMINARY EXAMINATION—ABUSE OF DISCRETION.

Failure to bind over a defendant for trial for armed robbery was a clear abuse of discretion where the evidence presented at the preliminary examination established (1) that the defendant sat in the driver's seat of a parked car while his companion, also seated in the car, stopped a passing pedestrian, announced a holdup, and took the victim's wallet, and (2) that the defendant drove away with his companion after the wallet was taken.

Appeal from Wayne, James N. Canham, J. Submitted October 28, 1976, at Lansing. (Docket No. 25329.) Decided January 5, 1977.

Complaint by the people against Samuel C. Gardner, Detroit Recorder's Court Judge, for an order of superintending control to require Judge

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law §§ 440, 441.
[2] (no reference)

Gardner to bind over Samuel L. Dickens for trial on a charge of armed robbery. Order of superintending control denied. The people appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Alphonso R. Harper,* for Judge Samuel C. Gardner.

*Bolden & Blake, P. C.,* for Samuel L. Dickens.

Before: QUINN, P. J., and R. B. BURNS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Samuel L. Dickens (defendant) was arrested and charged with armed robbery, MCLA 750.529; MSA 28.797. At the conclusion of the preliminary examination, Recorder's Court Judge Gardner, acting in the capacity of magistrate, dismissed the charge against the defendant on the ground that the prosecutor had failed to show probable cause that the defendant had participated in the crime. The prosecutor petitioned Wayne County Circuit Court for an order of superintending control requiring the defendant's case to be bound over for trial. The circuit court denied the order and the prosecutor appeals as of right.

I

This case and its companion, *People v Recorder's Court Judge #2,* 73 Mich App 156; 250 NW2d 812

(1977), present a common procedural issue. Was superintending control the appropriate method to review the decision of the recorder's court sitting as a magistrate? If it was, the prosecutor properly sought review by claim of appeal. If not, application for leave to appeal was required, MCLA 600.8342; MSA 27A.8342.

We hold that review by the people of a decision by the recorder's court to discharge a defendant at the conclusion of a preliminary examination is by complaint for an order of superintending control in Wayne County Circuit Court, followed by appeal as of right to this Court. Although it creates an anomaly within the otherwise orderly structure of appellate review of magisterial decisions by *appeal* by right to the circuit court, followed by appeal by leave to this Court, the overwhelming case authority compels this result. We cannot redraft the statutory or rule authority to provide otherwise. A brief historical review illuminates the problem.

Recorder's court began as a court with bifurcated jurisdiction. 1857 PA 55, ch VI vested the court with both criminal subject matter jurisdiction equal to that of a circuit court over crimes committed within the City of Detroit and exclusive jurisdiction over violations of municipal ordinances. Cases before the recorder's court sitting as a circuit court were properly reviewed in the Supreme Court by appeal. *People v Jackson,* 7 Mich 432 (1859). Cases brought before the recorder's court ordinance division, considered to act as a municipal court, were properly reviewed in Wayne County Circuit Court by writ of certiorari. *Swift v Wayne Circuit Judges,* 64 Mich 479; 31 NW 434 (1887).

Until 1919, the Detroit Police Court provided the magisterial functions for the recorder's court.

1919 PA 369, § 10; MCLA 725.10; MSA 27.3950
abolished the Detroit Police Court by vesting its
jurisdiction into the municipal court of record, the
recorder's court. The present recorder's court re-
tains these three separate jurisdictional grants:
circuit court criminal subject matter jurisdiction,
district court jurisdiction as examining magistrate,
and municipal court jurisdiction over ordinance
violations. Unfortunately, the Legislature and the
courts have failed to recognize the separate juris-
dictional grants and functions of the recorder's
court when providing for appellate review.

While MCLA 726.24; MSA 27.3574[1] provides
review by appeal for decisions of the recorder's
court sitting as circuit court, and MCLA
600.308(1); MSA 27A.308(1)[2] provides review by
appeal to the circuit court for decisions of the
recorder's court ordinance division, neither statute
nor court rule provides for review of the recorder's
court sitting as an examining magistrate. *People v
Paille #1,* 383 Mich 605; 178 NW2d 469 (1970),
held that MCLA 726.2; MSA 27.3552[3] prevents one

[1] MCLA 726.24; MSA 27.3574 provides:

"All proceedings of the recorder's court at any time before or after
final judgment or sentence may be reviewed, in the same manner that
like circuit court proceedings may be reviewed, and the court to
which the review is taken shall proceed to an adjudication in the
same manner as on proceedings from the circuit courts."

[2] MCLA 600.308(1); MSA 27A.308(1) provides:

"The court of appeals has jurisdiction on appeals from:

(1) All final judgments from the circuit courts, court of claims, and
recorder's court, except judgments on ordinance violations in the
traffic and ordinance division of recorder's court. Appeals from final
judgments from all other courts and from convictions for ordinance
violations in the traffic and ordinance division of recorder's court
shall be taken to the circuit courts, upon which further review may
be had only upon application for leave to appeal granted by the court
of appeals."

[3] MCLA 726.2; MSA 27.3552 restricts the power of one recorder's
court judge to review the decision of another. The statute provides in
relevant part:

"No stay of proceedings shall be directed or ordered by either of

recorder's court judge from reviewing the decision of another by order of superintending control. The Supreme Court indicated in *Paille #1, supra,* and *People v Flint Municipal Judge,* 383 Mich 429; 175 NW2d 750 (1970), that review of a magistrate's decision was by way of order of superintending control (formerly mandamus) in the circuit court. While the provisions of MCLA 600.8342; MSA 27A.8342 and GCR 1963, 705 have eliminated the need to use superintending control to obtain review of the decision of a district court sitting as a magistrate (see the companion cases of *Oakland County Prosecutor v Forty-Sixth District Judge,* 72 Mich App 564; 250 NW2d 127 [1976], and *People v Kessler* [Docket No. 28076, decided December 8, 1976, unreported]), superintending control remains the only remedy for the prosecutor to obtain review of the decision of recorder's court as a magistrate. Ironically, the process of review of decisions of the recorder's court ordinance division, used as a model for the process of review of decisions of the recorder's court sitting as a magistrate, is now routed by statute and court rule to the circuit court by appeal instead of by superintending control.

We therefore adhere to case law recently delineated in *People v Polk,* 59 Mich App 191; 229 NW2d 374 (1975), and hold that review of the recorder's court magistrate's decision to dismiss

---

said judges in any cause or proceeding, except when the order or decree under which the proceedings are sought to be stayed shall have been made by such judge, unless the order staying proceedings be entered in open court when both judges are present; and no order, except orders made in chambers, and then only by the judge making the same, shall be set aside or vacated except in open court; and *no judge of said court shall review or revise any order, judgment, sentence or act of any other judge of said court, involving the personal discretion, judgment or opinion of such other judge."* (Emphasis supplied.)

was properly taken by complaint for an order of superintending control in Wayne County Circuit Court. We recognize the inconsistent methods of review of the same act depending on whether the review is of an act of a district judge or of a recorder's court magistrate, see *Oakland County Prosecutor v Forty-Sixth District Judge, supra.* We do not approve of such inconsistencies, but we are powerless to correct this one.

## II

The circuit court erred in not granting an order of superintending control requiring the magistrate to bind the defendant's case over for trial. The evidence presented at the preliminary examination established that the defendant sat in the driver's seat of a parked car while the codefendant, also sitting in the car, halfway out the door, placed his right hand in the left side of his jacket, ordered the complainant, a passing pedestrian, to stop, and announced a holdup. As soon as the victim's wallet was taken, the robber shut the door and the defendant drove away. Only the hot pursuit of a nearby patrol car prevented the defendant's getaway. While mere presence at the scene and knowledge of the crime's commission may not suffice to criminally implicate an accused, *People v Burrel,* 253 Mich 321; 235 NW 170 (1931), the evidence here showed *acts* of the defendant sufficient to establish probable cause to believe that the defendant aided and abetted the robbery. Failure to bind over the defendant was a "clear abuse of discretion", *People v Szczytko,* 40 Mich App 161, 167; 198 NW2d 740, 745 (1972), *aff'd* 390 Mich 278; 212 NW2d 211 (1973), and an order of superintending control should have been issued.

Reversed.