426 P.2d 4

STATE of Utah, Plaintiff and Respondent,

v.

James Lee LITTLE, Defendant and Appellant.

No. 10654.

Supreme Court of Utah.

March 22, 1967.

**54**

James Lee Little, pro se.

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice:

The defendant was convicted of the crimes of robbery and grand larceny in the District Court of Salt Lake County and was thereafter committed to the Utah State Prison. The defendant was charged in one information with having committed crimes of robbery and grand larceny.

On March 20, 1965, the defendant entered the office of Dr. Robert H. Burgoyne in the Medical Arts Building, Salt Lake City, in an attempt to obtain narcotics. After Dr. Burgoyne informed the defendant that he did not have narcotics, the defendant then pulled a pistol and took the doctor's wallet and a wrist-watch and then fled the scene. The defendant was captured shortly after leaving the doctor's office and was charged with the crimes as above set forth.

On April 19, 1965, the defendant entered a plea of not guilty by reason of insanity to the charges contained in the information. On April 24, 1965, the defendant was examined by two court-appointed psychiatrists, and as a result of their diagnosis the defendant was committed to the

Utah State Hospital. On August 20, 1965, the defendant was released from the hospital as recovered and able to stand trial.

 The case, including the defendant's defense of insanity was submitted to the jury, and the jury returned a verdict finding the defendant guilty on both counts. Two days prior to the trial the defendant had filed a motion requesting that he be furnished a copy of the transcript of the hearing pertaining to his insanity and which resulted in his being committed to the Utah State Hospital. This motion was not ruled by the court. The record does not disclose that this matter was called to the court's attention or that the court was requested to rule upon the defendant's motion. It appears that this matter is being raised for the first time on appeal. This is not a matter which the defendant can raise for the first time in this Court.[1] In any event, it does not appear that the failure to grant the motion in the court below in any way affected the defendant's right to a fair trial. The defendant was not precluded from submitting his defense of insanity during the trial, and that matter was properly submitted to the jury and it does not appear that the transcript would have assisted the defendant in that matter.

█ After trial in the district court defense counsel filed notice of appeal to this Court, and during the time the appeal was pending here the defendant discharged assigned counsel. The defendant assigns as error the failure of this Court to appoint counsel to assist the defendant on this appeal. We are of the opinion that there is no merit to the defendant's contention in this regard, as he had competent counsel to represent him during these proceedings, and there is nothing in the record to indicate that the defendant had any reason to request withdrawal of his assigned counsel.[2]

██ In this matter the defendant was found guilty of robbery and larceny arising out of the same act or acts. The court imposed sentences for both offenses, the sentences to run concurrently. The defendant claims that his conviction and sentence on both counts was erroneous. With this we agree. The crime of larceny is necessarily included in the charge of robbery. While the statute permits larceny to be charged in a separate count in an information for robbery, nevertheless, larceny is a lesser included offense within a charge of robbery, and the convictions and sentences for the offenses

1. State v. Starlight Club, 17 Utah 2d 174, 406 P.2d 912; State v. Hammond, 64 Wash.2d 591, 392 P.2d 1010; State v. Smith, 16 Utah 2d 374, 401 P.2d 445.

2. State v. Hines, 6 Utah 2d 126, 307 P.2d 887; Danks v. State, 18 Utah 2d 212, 418 P.2d 488.

stated in both counts cannot stand.[3] The verdict of the jury and sentence of the court for the crime of larceny are reversed. As to the crime of robbery the conviction and sentence are affirmed.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

HENRIOD, J., concurs in the result.

3. State v. Montayne, 18 Utah 2d 38, 414 P.2d 958.