PEOPLE v PATTON

1. Criminal Law—Guilty Pleas—Discretion of Trial Court—
Withdrawal of Plea—Plea-Bargains.

A court must exercise its discretion with great liberality in considering a motion for the withdrawal of a guilty plea where the motion comes prior to sentencing; however, there was no abuse of discretion where the trial court denied a defendant's motion for withdrawal of the defendant's guilty pleas where the record indicates that the defendant desired to withdraw the pleas because he was disgruntled with what he perceived to be a bad plea bargain.

2. Criminal Law—Double Jeopardy—Constitutional Law—Failure to Object.

A defendant who fails to make a timely objection on the issue of double jeopardy is not precluded from raising the issue for the first time on appeal.

3. Criminal Law—Two Sentences—Double Jeopardy—Constitutional Law.

The erroneous imposition of two sentences for a single offense of which an accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy.

4. Criminal Law—Sentences—Several Counts—One Offense—Consecutive Sentences—Concurrent Sentences.

It is error to impose separate penalties upon a defendant for conviction on several counts, either by way of separate sentences to run successively or by a single gross sentence which adds together the separate penalties where the several counts charge only one offense, or in different ways charge the commission of the same offense; however, no error is committed if the sentences on the several counts run concurrently.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
[2] 21 Am Jur 2d, Criminal Law §§ 195, 198.
[3] 21 Am Jur 2d, Criminal Law §§ 184, 185.
[4] 21 Am Jur 2d, Criminal Law §§ 547, 551.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted April 6, 1976, at Detroit. (Docket No. 26631.) Decided May 28, 1976. Leave to appeal applied for.

Lawrence Patton was convicted, on his pleas of guilty on two counts, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Robert R. Mallory (Carl Ziemba,* of counsel), for defendant.

Before: D. F. WALSH, P. J., and ALLEN and M. J. KELLY, JJ.

ALLEN, J. Defendant pled guilty to two counts of second-degree murder and was sentenced in accordance with a plea agreement to concurrent[1] terms of 25 to 40 years on count I and life imprisonment on count II. Defendant appeals.

We are not persuaded that the lower court abused its discretion when it denied defendant's motion to withdraw said pleas. Granted, a court must exercise its discretion with great liberality where the motion to withdraw comes prior to sentencing.[2] The record indicates, however, that defendant desired to withdraw his pleas because

---

[1] "In Michigan, with exceptions not here relevant [MCLA 768.7a; MSA 28.1030(1); MCLA 768.7b; MSA 28.1030(2)] a sentence may not be imposed to commence upon completion or expiration of another sentence. *In re Carey* (1964), 372 Mich 378, 380 [126 NW2d 727]." *People v Chattaway,* 18 Mich App 538, 541; 171 NW2d 801 (1969).

[2] *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960). *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975).

he was disgruntled with what he perceived as a bad plea bargain. We find no abuse.

Defendant contends he was punished twice for the same offense in violation of his rights to be free from double jeopardy. The people respond that defendant waived the right. We are unable to accept plaintiff's view that defendant is precluded from raising the issue for the first time on appeal. *People v Bower,* 3 Mich App 585, 589; 143 NW2d 142 (1966), *People v Belen Johnson,* 62 Mich App 63, 66; 233 NW2d 188 (1975). Nevertheless we do not find, nor has this Court found under similar circumstances, that double jeopardy rights were violated. *Holiday v Johnston,* 313 US 342, 349; 61 S Ct 1015; 85 L Ed 2d 1392 (1941):

> "The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy."

See also *Holscher v Young,* 440 F2d 1283, 1290 (CA 8, 1971).

Though not double jeopardy, does the sentence imposed in the instant case constitute double punishment? The information against defendant contains the following counts:

### "Count I

"while in the perpetration or attempted perpetration of a robbery did kill and murder CAMMIE GASKINS and ZENORA CALMESE, contrary to Sec. 750.316, MCLA as amended.

### "Count II

"feloniously, deliberately, willfully, with malice aforethought, and with premeditation, did kill and murder CAMMIE GASKINS and ZENORA CALMESE, contrary to Sec. 750.316, MCLA."

Defendant entered pleas of guilty to the lesser of both counts in the information, to wit, second-degree murder. He was sentenced on both counts. Obviously, it was error to sentence defendant for the unpremeditated slaying of two individuals and then to sentence defendant for the same slaying of the same two persons a second time. The two victims of the crime were slain once, not twice. But while this was error is it double punishment and hence reversible error? We opine that it was not.

Where several counts charge only one offense, or in different ways charge the commission of the same offense, it is error to impose separate penalties on the several counts, either by way of separate sentences to run *successively* or by a single gross sentence which adds together the separate penalties:

"In such case accused is subject only to a single penalty on all the counts constituting one entire offense, but there are several accepted ways in which the single penalty may be imposed, and there is some difference of opinion as to which is the more acceptable way." 24 CJS § 1567(5) Criminal Law, p 436.

In some jurisdictions the error is correctable by imposing sentence on the count which charges the highest degree of the offense involved. In other jurisdictions, Michigan included, the courts have found that if the sentences run concurrently, no error is committed:

"In some instances where there is a conviction on each of several counts charging but one offense, the courts will impose a separate sentence on each count, but make all sentences run concurrently, which, in effect, constitutes but one sentence; and, while it has been stated that this is technically incorrect, the re-

viewing court may decline to disturb those sentences which should not have been imposed." 24 CJS § 1567(5) Criminal Law, p 438.

*People v Podsiad,*[3] 295 Mich 541, 545; 295 NW 257 (1940), *People v Lowenstein,*[4] 309 Mich 94; 14 NW2d 794 (1944), *People v Dexter,*[5] 6 Mich App 247; 148 NW2d 915 (1967). This Court is not unmindful of the contrary decision in *People v Guidry,* 67 Mich App 653; 242 NW2d 461 (1976). There, a panel of the Court vacated a conviction on double punishment grounds although sentences were concurrent.[6] No reference was made to the contrary authority cited above. As this Court is obliged to follow the decision of our Supreme Court, we consider *Guidry* nonbinding authority.

Apart from the technicalities presented in the law and cases cited above, we find a further reason for finding no error in the sentencing in the in-

[3] Defendant was sentenced on two counts, each based upon the same act (a) accepting money from the earnings of a prostitute and (b) deriving support from such earnings in violation of MCLA 750.457; MSA 28.712.

[4] Defendant was charged in count I with sodomy, MCLA 750.158; MSA 28.355, and in count II with soliciting an abominable and despicable crime against nature MCLA 750.340; MSA 28.572, and was sentenced to 10 to 15 years on count I and 4 to 5 years on count II, the sentences to run concurrently. The court found there was but one offense and defendant was not injured by the alleged error in joinder, inasmuch as a verdict of guilty was returned on all counts and sentences were imposed concurrently.

[5] Count II charged attempted sodomy and count IV charged assault with intent to commit sodomy. The court sentenced defendant for attempted sodomy to 5 years and, for assault 9 months to 10 years and held "in reality this is but a single sentence for 9 months to 10 years".

[6] Defendant was found guilty on count I of "assault to commit robbery while armed" and on count II of felonious assault. He was sentenced to 10 to 50 years on the first count and 2 to 4 years on the second count, sentences to run concurrently. Stating that "to convict a person of felonious assault and of simple assault for the same single act would be to punish twice for the same offense" the court vacated the misdemeanor (simple assault) sentence.

stant case. If, for example, the information had been corrected so that count I charged murder in the second-degree of Cammie Gaskins and count II charged second-degree murder of Zenora Calmese, the sentence imposed by the court would have been eminently correct. The fact that this was not done, but instead the two deceased were each named in two counts, each charging second-degree murder, is not sufficient reason to find double punishment in the instant case.

Affirmed.

M. J. KELLY, J., concurs in result.