PEOPLE v JANKOWSKI

Docket No. 61253. Argued March 6, 1979 (Calendar No. 6).—Decided March 11, 1980.

John Jankowski was charged with armed robbery, larceny of property with a value over $100, larceny in a building, and conspiracy to commit armed robbery, arising from the taking from a gasoline station of a locked cash register containing approximately $400. The defendant was convicted by a jury in Bay Circuit Court, Leon R. Dardas, J., of all of the charges. The evidence showed that the defendant waited in a car with two other men while a masked accomplice carrying a revolver entered a gasoline station with the intent to take the cash receipts. The station attendant, after seeing the armed accomplice approach, fled into an inner office, locked the door, and telephoned the police while watching the accomplice, who picked up the locked cash register and carried it to the waiting car. The four men then pried open the cash register and divided the money among themselves. The trial court instructed the jury that the defendant could be convicted of any or all of the charges. The Court of Appeals, R. B. Burns, P.J., and Allen, J. (R. M. Maher, J., concurring), affirmed in an unpublished per curiam opinion (Docket No. 28895). The defendant was granted leave to appeal on whether the convictions of armed robbery, larceny in a building and larceny over $100 violate the constitutional prohibitions against double jeopardy. In a unanimous opinion the Supreme Court *held:*

    1. In this case the defendant invokes the protection of the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 21 Am Jur 2d, Criminal Law §§ 166, 182 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
[3] 50 Am Jur 2d, Larceny § 8.
   67 Am Jur 2d, Robbery §§ 7, 10.
[4] 50 Am Jur 2d, Larceny §§ 8, 48.
   67 Am Jur 2d, Robbery § 7.
   What constitutes larceny "from a person". 74 ALR3d 271.
[6] 21 Am Jur 2d, Criminal Law §§ 187, 189.
[7] 21 Am Jur 2d, Criminal Law §§ 182, 187, 189.
[8] 21 Am Jur 2d, Criminal Law § 189.
[9] 21 Am Jur 2d, Criminal Law § 189.

Double Jeopardy Clause as a restraint on double punishment for a single criminal act rather than as a challenge to a legislative scheme, and the analysis focuses upon the proofs adduced at trial in order to determine whether multiple punishments were imposed for the same offense. If the convictions are factually based on proof of a single act, the separate crimes consist of a greater crime and certain of its lesser included offenses, the multiple convictions will not be allowed to stand.

2. On the evidence produced, it is clear that the larceny charges were lesser included offenses of armed robbery. Robbery is nothing more than a larceny committed by assault or putting in fear. The crime of larceny from the person embraces the taking of property in the possession and immediate presence of the victim. If such taking be by force and threat of violence, it is robbery, hence every robbery necessarily includes larceny from the person and every armed robbery necessarily includes both unarmed robbery and larceny from the person as lesser included offenses.

3. In this case, to convict the defendant of the larceny charges, the jury was required to find that he had feloniously taken the cash register containing $400 from within the service station building. That was a necessary fact for conviction of larceny in a building and of larceny over $100. In further concluding that the cash register was taken from the presence of the attendant of the service station after he was put in fear by the use of a weapon, the jury found that the offense was aggravated to one of armed robbery, but in doing so was required to rely upon the same proof that was necessary to convict of the larceny charges.

4. A defendant may not be convicted of both the greater and lesser included offenses because, as a matter of state law, the Double Jeopardy Clause prohibits multiple punishment for the same offense. The prohibition cannot be avoided by the form of the charge. The question, as a matter of state constitutional law, is not whether the lesser included offense is by definition necessarily included within the greater offense, but whether, on the facts of the case, it is. There was no dispute at trial that there was a robbery. The issue was whether the defendant was an aider and abettor in the crime. He testified that he knew nothing of the plan to commit the robbery and that he was at home when the crime was committed. When the jury resolved that issue against the defendant by convicting him of aiding and abetting the armed robbery as charged, it necessarily found him guilty of larceny in a building and of larceny of property having a value over $100. Both larceny charges, on

the facts of this case, are necessarily included within and are of the same general class and bear the same relationship to the robbery charge. While definitively distinguishable, the three offenses charged were accomplished by a single criminal act and constituted the same offense. By virtue of application the lesser included offense standards previously adopted and as a matter of state constitutional law of double jeopardy, the defendant's convictions of both the greater and lesser included offenses cannot stand.

5. The argument that because the sentences imposed were to run concurrently no double punishment problem exists is rejected. The concept of "double punishment" not only applies to the sentence but also includes the conviction. The three convictions, if they are allowed to stand, could punish the defendant in several ways, including parole considerations, impeachment at subsequent trials, and treatment as an habitual offender. The suggestion by the prosecutor that the remedy is to vacate the multiple sentences is answered by the same observations. A conviction without a sentence imposed is not harmless. The fact that the Supreme Court of the United States has not found concurrent sentences for a single offense impermissible under the Federal Constitution does not preclude such a finding under the Michigan Constitution.

6. The usual remedy where the defendant has been erroneously convicted under two separate statutes for a single offense is to affirm the conviction on the higher charge and vacate on the lower charge. The remedy of a new trial is appropriate only when the reviewing court cannot readily determine whether the jury believed the defendant to be guilty of the lesser or greater offense. The jury in this case, upon convicting defendant on the armed robbery count, should not have gone on to consider the lesser included larceny counts. However, the jury's verdicts on the larceny counts, on the facts of this case, cast absolutely no doubt on the validity of the conviction of armed robbery. Under the circumstances it is not impossible to say upon which, if any, counts a properly instructed jury would have convicted defendant. The verdict on the robbery count shows that the jury found each element of that offense to have been established beyond a reasonable doubt. In cases such as this, if the court has correctly instructed the jury on the elements of the greater offense, any resulting conviction and sentence for that offense should be sustained. The proper remedy is to vacate both the conviction and the sentence on the charge of the lesser included offense, leaving the conviction and sentence on the greater charge

intact. A new trial on the robbery count in this case would result in an expenditure of court resources and the possibility of acquittal—through loss of evidence or other cause—of a reliably convicted defendant for no legitimate reason.

The defendant's conviction of armed robbery is affirmed and his convictions of larceny of property with a value over $100 and of larceny in a building are vacated.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.

The guarantee against double jeopardy applies as a restraint on imposing multiple punishment for a single criminal act (US Const, Am V; Const 1963, art 1, § 15).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.

Review, as a matter of state constitutional law, of a double jeopardy claim based upon multiple punishment imposed for a single criminal act focuses upon the proofs adduced at trial; if factually the convictions of separate crimes are based upon proof of a single criminal act, the separate crimes consist of nothing more than a greater crime and certain of its lesser included offenses, and the multiple convictions will not be allowed to stand (Const 1963, art 1, § 15).

3. ROBBERY — LARCENY — ELEMENTS OF CRIME.

Robbery is nothing more than a larceny committed by assault or putting in fear; it is only the use of force or assault on the person of another in order to deprive him of property in his possession or control that distinguishes robbery from an ordinary larceny (MCL 750.356, 750.529; MSA 28.588, 28.797).

4. ROBBERY — LESSER INCLUDED OFFENSES — LARCENY FROM THE PERSON.

Larceny from the person embraces the taking of property in the possession and immediate presence of the victim, and robbery is committed when there is larceny from the person with the additional element of violence or intimidation; hence every armed robbery necessarily includes both unarmed robbery and larceny from the person as lesser included offenses (MCL 750.357, 750.529, 750.530; MSA 28.589, 28.797, 28.798).

5. ROBBERY — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT — LESSER INCLUDED OFFENSES — LARCENY.

A defendant's convictions of both armed robbery and the lesser included offenses of larceny of property with a value over $100 and of larceny in a building cannot be allowed to stand, as a

matter of state constitutional law, where to convict the defendant of the larceny charges it was necessary for the jury to find him guilty of feloniously taking a locked cash register which contained $400 from a gasoline station in the presence of the station attendant and the jury relied upon the same proofs with the additional element that the attendant was put in fear by the use of a weapon to convict the defendant of the greater charge of armed robbery (MCL 750.356, 750.360, 750.529; MSA 28.588, 28.592, 28.797).

6. Criminal Law — Constitutional Law — Double Jeopardy — Multiple Punishment.

A defendant may be charged and tried for each act that constitutes a separate crime; however, when trial is for an act which includes lesser offenses, if the jury finds guilt of the greater, the defendant may not also be convicted separately of the lesser included offense because, as a matter of state constitutional law, the prohibition against multiple punishment for the same crime cannot be avoided by the form of the charge (Const 1963, art 1, § 15).

7. Criminal Law — Constitutional Law — Double Jeopardy — Multiple Punishment.

The multiple punishment which is constitutionally proscribed for one offense includes another conviction of the same offense and not merely another sentence, because the second conviction itself punishes the defendant in several ways including parole considerations, impeachment at subsequent trials, and treatment as an habitual offender (US Const, Am V; Const 1963, art 1, § 15).

8. Criminal Law — Constitutional Law — Double Jeopardy — Multiple Punishment.

Multiple concurrent punishments for the same offense constitute a violation of the double jeopardy provision of the state Constitution (Const 1963, art 1, § 15).

9. Robbery — Constitutional Law — Double Jeopardy — Multiple Punishment — Lesser Included Offenses — Remedies.

The proper remedy where a defendant was convicted of both armed robbery and the lesser included offenses of larceny of property with a value over $100 and of larceny in a building, on the same facts, and the jury was correctly instructed on the elements of the greater offense of armed robbery, is to vacate the convictions and sentences on the charges of the lesser included larceny offenses, leaving the conviction and sentence

of the greater offense intact (MCL 750.356, 750.360, 750.529; MSA 28.588, 28.592, 28.797).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Domnick J. Sorise)* for defendant.

RYAN, J. The issue presented is whether defendant can properly be convicted of armed robbery, larceny over $100 and larceny in a building as a result of one felonious taking.

We find that he may not. On the evidence introduced at trial, larceny over $100 and larceny in a building were lesser included offenses of armed robbery.

We affirm the conviction of armed robbery and vacate the convictions of larceny over $100 and larceny in a building.

I

John Jankowski was tried and convicted by a jury on charges of armed robbery, MCL 750.529; MSA 28.797; larceny over $100, MCL 750.356; MSA 28.588; larceny in a building, MCL 750.360; MSA 28.592; and conspiracy to commit armed robbery,[1] MCL 750.157a; MSA 28.354(1); all as an aider and abettor, MCL 767.39; MSA 28.979. Defendant was sentenced to concurrent prison terms of 5 to 20 years, 3 to 5 years, 2 to 4 years, and 5 to 20 years, respectively.

On appeal, the Court of Appeals, in an unpubl-

_____

[1] Leave to appeal was not granted to review the propriety of the conspiracy conviction and sentence.

ished per curiam opinion, affirmed all four convictions.

Defendant claims his multiple convictions of armed robbery, larceny in a building and larceny over $100 violate the double jeopardy provisions of the Michigan and United States Constitutions. Const 1963, art 1, § 15; US Const, Ams V, XIV.

All charges arose out of one taking from a gasoline station of a cash register which contained approximately $400. The evidence at trial showed that while the defendant waited in a car with two other men, a masked accomplice, carrying a revolver, entered a gasoline station with the intent of robbing the attendant of the business's cash receipts. The attendant, upon seeing the man approach with gun in hand, fled to an inner office, locked the door and telephoned police while watching the intruder from an office window. The man, upon entering the station building, picked up the locked cash register and carried it to the waiting car where it was pried open and the money divided among the four occupants, including the defendant.

In his charge to the jury, the trial judge read the information and the statutes regarding armed robbery, larceny over $100, larceny in a building, and conspiracy, and instructed the jury that defendant could be convicted on any or all of the charges.

II

We note at the outset that the defendant's double jeopardy challenge is not addressed to a legislative scheme of criminal punishment where a clear legislative intent to create more than a single crime exists. See *Wayne County Prosecutor v Re-*

*corder's Court Judge,* 406 Mich 374; 280 NW2d 793
(1979); *reh den* 406 Mich 1127 (1979). We are
dealing instead with a more traditional application
of double jeopardy protection as a restraint on
courts and prosecutors imposing double punish-
ment for a single criminal act. Thus, the debate
over the constitutional boundaries of double jeop-
ardy which divided this Court in *Wayne County
Prosecutor, supra,* need not be resumed in this
case.[2] Instead, in determining the validity of the
defendant's claims, we find controlling the ratio-
nale employed in the trilogy of Michigan cases in
which this Court's review of double jeopardy
claims based on multiple punishments focused
upon the proofs adduced at trial in order to deter-
mine whether multiple punishments were imposed
for the same offense. *People v Cook,* 236 Mich 333;
210 NW 296 (1926); *People v Martin,* 398 Mich
303; 247 NW2d 303 (1976); *People v Stewart (On
Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). If,
factually, the convictions in this case are based on
proof of a single act, the separate crimes consist of
nothing more than a greater crime and certain of
its lesser included offenses. If such is the case, the
multiple convictions will not be allowed to stand.

We perceive the issue to be whether, on the
facts of the case presented, armed robbery and the
two larceny charges are the "same offense" for
which the defendant may not be. multiply pun-
ished.

### III

On the evidence produced at trial, it is clear

---

[2] See Schwartz, *Multiple Punishment for the "Same Offense"; Mich-
igan Grapples With the Definitional Problem,* 25 Wayne L Rev 825
(1979).

that the larceny charges[3] were lesser included offenses of armed robbery.[4] Robbery has long been defined in this jurisdiction to be nothing more than a "larceny committed by assault or putting in fear". *People v Kelley,* 21 Mich App 612, 619; 176 NW2d 435 (1970).

In *People v Chamblis,* 395 Mich 408, 425; 236 NW2d 473 (1975), where the taking was directly from the person of the victim rather than in his presence, as in the instant case, this Court stated:

"Robbery is committed only when there is larceny from the person, with the additional element of violence or intimidation. Perkins on Criminal Law (2d ed), pp

---

[3] The larceny statutes involved herein provide:

"Any person who shall commit the offense of larceny, by stealing, of the property of another, any money, goods or chattels, or any bank note, bank bill, bond, promissory note, due bill, bill of exchange or other bill, draft, order or certificate, or any book of accounts for or concerning money or goods due or to become due, or to be delivered, or any deed or writing containing a conveyance of land, or any other valuable contract in force, or any receipt, release or defeasance, or any writ, process or public record, if the property stolen exceed the value of $100.00, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by fine of not more than $2,500.00. If the property stolen shall be of the value of $100.00 or less, such person shall be guilty of a misdemeanor." MCL 750.356; MSA 28.588.

"Any person who shall commit the crime of larceny by stealing in any dwelling house, house trailer, office, store, gasoline service station, shop, warehouse, mill, factory, hotel, school, barn, granary, ship, boat, vessel, church, house of worship, locker room or any building used by the public shall be guilty of a felony." MCL 750.360; MSA 28.592.

[4] MCL 750.529; MSA 28.797 provides:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison."

279, 281. We are committed to the view that the crime of larceny from the person embraces the taking of property in the possession and immediate presence of the victim. *People v Gould,* 384 Mich 71; 179 NW2d 617 (1970). If such taking be by force and threat of violence, it is robbery, and hence every robbery would necessarily include larceny from the person and every armed robbery would necessarily include both unarmed robbery and larceny from the person as lesser included offenses."

The Federal courts have gone so far as to say that "[i]t is beyond dispute that larceny is a necessarily lesser included offense of the crime of robbery". *Walker v United States,* 135 US App DC 280, 284; 418 F2d 1116, 1120 (1969); *United States v Belt,* 516 F2d 873, 875 (CA 8, 1975).

The logic underlying this greater and lesser included offense analysis is that any single taking of the character involved here is first a larceny. When the taking is accomplished by force or assault, the offense is aggravated to one of robbery. It is only the use of force or assault on the person of another in order to deprive him of property in his possession or control that distinguishes robbery from an ordinary larceny.[5]

In *State v Little,* 19 Utah 2d 53; 426 P2d 4 (1967), the defendant was charged with armed robbery and grand larceny arising out of a single taking. He was convicted of both crimes at one trial and was given concurrent sentences. The Utah Supreme Court reversed the defendant's conviction of grand larceny, stating:

"The crime of larceny is necessarily included in the

---

[5] In terms of this Court's analysis of lesser included offenses in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), larceny in a building would be, on the facts of this case, a cognate lesser offense of armed robbery.

charge of robbery. While the statute permits larceny to be charged in a separate count in an information for robbery, nevertheless, larceny is a lesser included offense within a charge of robbery, and the convictions and sentences for the offenses stated in both counts cannot stand. The verdict of the jury and sentence of the court for the crime of larceny are reversed. As to the crime of robbery the conviction and sentence are affirmed." 19 Utah 2d 55-56.

In this case it was factually and logically impossible for the defendant to be guilty of armed robbery without at once being guilty of larceny in a building and larceny over $100.

To convict the defendant of the larceny charges, the jury was required to find him guilty of feloniously taking the cash register which contained $400 from within the gasoline station building. That was a necessary fact for conviction of both larceny in a building and larceny over $100. In further concluding that the cash register was taken from the presence of the attendant after he was put in fear by the thief's use of a weapon, the jury found the offense was aggravated to one of armed robbery, but in doing so the jury was required to rely upon the same proof that was necessary to convict of the larceny charges. *People v Martin, supra.*

If the circumstances had been such that the attendant had not fled to an inner office but instead had been personally confronted and ordered by the robber to remove money from the cash register and hand it over, it is clear that the prosecution could not seriously contend that the defendant could be convicted of both armed robbery and larceny from the person. See *People v Chamblis, supra.* Yet, the prosecution now asks that we sustain a robbery and two larceny charges

in a situation where the only distinguishable fact is the victim's flight to an inner sanctuary upon being confronted with a gun with the result that the robber was required to take the money by the only means available—carrying out the entire locked cash register.[6]

We agree with the Sixth Circuit Court of Appeals statement in *Rutkowski v United States*, 149 F2d 481, 482 (CA 6, 1945):

"Under the statute involved here, to sustain the robbery charge, evidence of forcible taking or a taking by putting the individual robbed in fear, is essential, while to sustain the charge of felonious taking only the elements of ordinary larceny need be proved. Other and additional proof than that needed for larceny is required to establish the crime of robbery, and in this sense the two offenses are distinct and separate. If the crime of robbery has been made out, however, no additional proof is required to establish the crime of larceny. There may be larceny without robbery, but there can be no robbery without larceny, for robbery includes larceny. *Lamore v United States*, 78 US App DC 12; 136 F2d 766 [1943]. Robbery is in fact larceny committed by violence, and includes stealing and asportation as well as assault. *Bertsch v Snook*, 36 F2d 155 [CA 5, 1929]; *Costner v United States*, 139 F2d 429 [CA 4, 1943]."

Accord, *Whitton v State*, 479 P2d 302 (Alas, 1970).

Because the prohibition embodied in the double jeopardy clause prevents multiple punishment for the same offense, this Court has repeatedly stated that a defendant may not be convicted of both the

---

[6] In contrast to the instant case where there was only a single taking, the removal of the cash register, is the situation where the defendant's conduct can reasonably be broken down into separate unlawful takings—for instance, when there is more than a single victim or when the defendant takes property in the possession of the person upon whom the assault is made and then takes property in an act separate and distinct from the first.

greater and lesser included offenses. *Stewart, supra; Martin, supra.*

"A defendant may be charged and tried for each act that constitutes a separate crime. However, when tried for an act which includes lesser offenses, if the jury finds guilt of the greater, the defendant may not also be convicted separately of the lesser included offense. The prohibition against multiple punishment for the same crime cannot be avoided by the form of the charge. 'The form of pleading cannot assume such importance that it will permit defendant to be convicted of both the included and greater offense.'

"The guarantee against double jeopardy protects against not only a second *prosecution* for the same offense, but it also 'protects against multiple punishments for the same offense'." (Citations omitted.) *Martin, supra,* 309.

Upon the foregoing analysis, we find no distinguishing significance in the fact that here the defendant was convicted of larceny in a building and larceny over $100 as opposed to larceny from the person, the latter being an included offense in armed robbery upon any and every set of facts. It is upon the facts of this case however, not one abstractly hypothesized, that the defendant is threatened with multiple punishment.

For purposes of the double jeopardy analysis, as a matter of state constitutional law, the question is not whether the challenged lesser offense is by definition necessarily included within the greater offense also charged, but whether, on the facts of the case at issue, it is.

There was no dispute at trial that the attendant was robbed inside the gasoline station by a gun-wielding intruder who took from the station a cash register containing more than $100. The only significant issue reasonably raised by the evidence

was whether the defendant was an aider and abettor in the crime. The defendant testified that he knew nothing of a plan to commit the robbery and that he was at home when the crime was committed. When the jury resolved that issue against the defendant by convicting him of aiding and abetting the armed robbery as charged, it necessarily found him guilty of the larceny in a building and of larceny of property having a value over $100.

Both larceny charges under the facts of this case are necessarily included within and are of the same general class and bear the same relationship to the robbery charge.[7] While definitively distinguishable, the three offenses charged were accomplished by a single criminal act and constituted the same offense. By virtue of the lesser included offense standards adopted in *Cook, Martin* and *Stewart* as applied here and as a matter of state constitutional law of double jeopardy, we hold the defendant's convictions of both the greater and lesser included offenses cannot stand.

It should be particularly noted that our decision today should not be read to preclude the filing of a multiple-count information charging multiple offenses arising from the same transaction or a trial under such an information.[8] See *People v Tobey,*

___

[7] On prior occasion the Michigan Court of Appeals has found larceny in a building to be a lesser included offense of larceny over $100. See *People v Longuemire,* 77 Mich App 17; 257 NW2d 273 (1977).

[8] A prosecutor may not, however, proliferate the number of charges against a defendant by artificially dividing a clearly single major offense into an unreasonable number of related components. To do so might indeed result in an abuse of prosecutorial discretion or require reversal of a defendant's conviction because of the potentially coercive effect on the jury that an unreasonable number of counts might have. See, generally, *People v Feldman,* 87 Mich App 157; 274 NW2d 1 (1978); *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978); *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977).

In the instant case there appears to be a legitimate question of fact

401 Mich 141; 257 NW2d 537 (1977); *People v Johns,* 336 Mich 617; 59 NW2d 20 (1953). But when multiple counts which are for the same offense are charged in the information and submitted to the jury, as in this case, the trial judge's instructions should advise the jury to deal with the several counts in essentially the same fashion as it would address a single count having lesser included offenses.

The jury should be instructed that it may convict, if at all, of no more than one count and should consider the most serious[9] count first. If the jury finds the defendant guilty of that count that would be its sole verdict, no verdict being permissible as to the less serious charges since the defendant's guilt of the lesser charges would be merged in the finding of guilt on the greater.

If, however, the jury does not convict of the greater or aggravated offense, it should proceed to determine whether guilt of the next most serious charge has been proved and continue in that fashion until it determines, if at all, that the defendant's guilt of one of the offenses charged has been proved beyond a reasonable doubt, just as is done in the more traditional situation of an information charging a single offense having lesser included offenses.

If, having proceeded in that fashion, the jury finds all of the elements of one of the offenses

---

whether the robber was armed or committed the taking in the presence of the victim by virtue of an assault. The issue was properly left to the jury. If that issue of fact had been resolved adversely to the prosecution, the jury would still have been justified in returning a guilty verdict on one of the larceny charges.

It does not appear that the prosecution was warranted in charging both larceny in a building and larceny over $100 in this case. We do not consider this error to have prejudiced defendant, however, or to have amounted to prosecutorial abuse.

[9] By "most serious" we mean the offense carrying the most severe maximum punishment.

charged proved beyond a reasonable doubt, it should terminate its deliberations and announce its guilty verdict as to the single charge it finds proved, returning no verdict whatever as to the remaining charges since unanimity as to those counts is not required, just as is done in a case having a single charge with lesser included offenses.

Of course, should the jury find that none of the charges has been proved beyond a reasonable doubt, it should return a single verdict of not guilty.

While not mandatory, it is suggested that in the rare instance in which a trial judge is called upon to submit to the jury multiple charges which are for the same offense, as in this case, the jurors might be given a written verdict form to help clarify their understanding of the court's instructions and facilitate their orderly deliberations.[10]

## IV

Having found a violation of the defendant's protection against double jeopardy, we must determine an appropriate remedy.

---

[10] In this case, such a verdict form might have provided:

| Offense | Guilty | Not Guilty |
|---|---|---|
| Armed Robbery | ☐ | ☐ |
| Larceny Over $100 | ☐ | |
| Larceny in a Building | ☐ | |

Reminder: You may return only one verdict; guilty of one of the offenses or not guilty. Mark an "X" in the appropriate box to indicate your verdict.

On such a verdict form, the offenses should be listed in the order of their seriousness.

We reject the prosecution's contention that because the sentences imposed upon the three separate convictions were to run concurrently, no double punishment problem exists. The same argument was made in *Stewart* and we rejected it outright:

"Nor can we accept the argument that since the two sentences run concurrently, a reversal on the lesser included offense is not required. The concept of 'double punishment' not only applies to the sentence, but also includes the conviction. The possession conviction, if allowed to stand, could punish the defendant in several ways, including parole considerations, impeachment at subsequent trials, and habitual offender treatment. See *Martin, supra,* 310."[11] 400 Mich 540, 549-550.

The prosecution's suggestion that we need only vacate defendant's multiple sentences and leave stand all three convictions is likewise answered by our observations in *Stewart* above quoted, and *Martin,* fn 11. A conviction without a sentence imposed is not harmless. *United States v Buckley,* 586 F2d 498 (CA 5, 1978).

The prosecution insists that this Court's decisions in *Martin* and *Stewart* are out of line with that of the United States Supreme Court in *Holiday v Johnston,* 313 US 342, 349; 61 S Ct 1015; 85 L Ed 1392 (1941), wherein the Court stated:

"The erroneous imposition of two sentences for a

---

[11] Also in *Martin* this Court stated:

"The fact that the two sentences are to run concurrently does not allow a different result. The 'double punishment' proscribed for committing one offense includes the conviction and not merely the sentence. The second conviction punishes appellant in several ways, including parole considerations, impeachment at subsequent trials, habitual offender treatment, etc. 'We recognize that even the entry of judgment and the imposition of a suspended sentence of imprisonment is additional punishment'. *Thompson v State,* 259 Ind 587, 592; 290 NE2d 724, 727 (1972)." 398 Mich 303, 310-311.

single offense of which the accused has been convicted, or to which he has pleaded guilty, does not constitute double jeopardy."[12]

We agree that the United States Supreme Court has not found concurrent sentences for a single offense impermissible under the Federal constitution.[13] That does not preclude this Court, however, from recognizing multiple concurrent punishments for the same offense to be a double jeopardy violation under the Michigan Constitution.

The usual remedy in situations where the defendant has been erroneously convicted under two separate statutes for a single offense is to affirm the conviction on the higher charge and vacate on the lower charge. *Martin, supra,* 313.

Defendant argues that vacating the convictions and sentences for the lesser included offenses will not provide an adequate remedy. Relying upon *Milanovich v United States,* 365 US 551; 81 S Ct 728; 5 L Ed 2d 773 (1961),[14] defendant asserts that

[12] The *Holiday* decision has been relied upon as recently as 1976 by the Michigan Court of Appeals in *People v Patton,* 69 Mich App 330; 244 NW2d 467 (1976). To the extent that *Patton* conflicts with our subsequent decisions in *Martin* and *Stewart,* it is expressly disapproved.

[13] The United States Supreme Court has dealt with the double punishment problem only in the context of consecutive sentence. We note, however, an apparent inclination on the part of the court to expand the protection against multiple punishments to the imposition of concurrent sentences in the appropriate case. See *Jeffers v United States,* 432 US 137, 154-155; 97 S Ct 2207; 53 L Ed 2d 168 (1977); *United States v Gaddis,* 424 US 544, 549, fn 12; 96 S Ct 1023; 47 L Ed 2d 222 (1976); *The Supreme Court, 1976 Term,* 91 Harv L Rev 70, 109, fn 67 (1977).

Several Federal courts of appeal have taken the initiative and declared that for double jeopardy purposes imposition of concurrent rather than consecutive sentences is a difference without distinction. See *United States v Nelson,* 574 F2d 277 (CA 5, 1978); *United States v Spears,* 145 US App DC 284; 449 F2d 946 (1971); *O'Clair v United States,* 470 F2d 1199 (CA 1, 1972).

[14] The *Milanovich* court stated:

"It is now contended that setting aside the sentence on the receiv-

the failure of the trial judge to instruct the jury in the alternative on the three charged offenses requires a new trial because the appellate court may only surmise what verdict would have been returned upon proper instruction.

We find the *Milanovich* case distinguishable and of limited significance because of the "very unusual facts in that case". *United States v Gaddis,* 424 US 544, 548; 96 S Ct 1023; 47 L Ed 2d 222 (1976).

The *Milanovich* remedy of a new trial is appropriate only when the reviewing court cannot read-

ing count was not enough—that the conviction on the larceny count must also be reversed, and the case remanded for a new trial. The argument is that although the evidence was sufficient to support a conviction for either larceny or receiving, the judge should have instructed the jury that a guilty verdict could be returned upon either count but not both. It is urged that since it is now impossible to say what verdict would have been returned by a jury so instructed, and thus impossible to know what sentence would have been imposed, a new trial is in order. This was the view of Chief Judge Sobeloff, dissenting in the Court of Appeals, 275 F2d at 721.

"We think that the point is well taken. In *Heflin [v United States,* 358 US 415; 79 S Ct 451 (1959)] we were not concerned with the correctness of jury instructions, since that case arose out of a collateral proceeding to correct an illegal sentence where the petitioner was asking only that the cumulative punishment imposed for receiving be set aside. In this case, by contrast, a direct review of the conviction brings here the entire record of the trial. We hold, based on what has been said as to the scope of the applicable statute, that the trial judge erred in not charging that the jury could convict of either larceny or receiving, but not of both.

"Though setting aside the shorter concurrent sentence imposed upon the wife for receiving, the Court of Appeals left standing a ten-year prison term for larceny, double the punishment that had been imposed upon the husband for the identical offense. Yet there is no way of knowing whether a properly instructed jury would have found the wife guilty of larceny or of receiving (or, conceivably, of neither). Thus we cannot say that the mere setting aside of the shorter concurrent sentence sufficed to cure any prejudice resulting from the trial judge's failure to instruct the jury properly. It may well be, as the Court of Appeals assumed, that the jury, if given the choice, would have rendered a verdict of guilty on the larceny count, and that the trial judge would have imposed the maximum ten-year sentence on that count alone. But for a reviewing court to make those assumptions is to usurp the functions of both the jury and the sentencing judge." 365 US 551, 554-556.

ily determine whether the jury believed the defendant to be guilty of the lesser or greater offense. As this Court stated in *Stewart:*

"The failure of the court to merely omit charging the jury that it could find but one of the two possible guilty verdicts does not vitiate the jury's determination here that the defendant was guilty of the greater charge." 400 Mich 540, 550, fn 2.

As we have stated, the jury in the instant case, upon convicting defendant on the robbery count, should not have gone on to consider the lesser included larceny counts. However, the jury's verdicts on the larceny counts, on the facts of this case, cast absolutely no doubt on the validity of the armed robbery conviction. Under the circumstances it is not impossible to say upon which, if any, counts a properly instructed jury would have convicted defendant.

"It may be concluded with satisfactory certainty that the jury, having convicted for both offenses, would have convicted of robbery if it had been properly instructed. The verdict on the robbery count shows that the jury found each element of that offense to have been established beyond a reasonable doubt." *Gaddis, supra,* 551-552. (White, J., concurring.)

In cases such as this, if the court has correctly instructed the jury on the elements of the greater offense, any resulting conviction and sentence for that offense should be sustained. The proper remedy is to vacate both conviction and sentence on the lesser included offense, leaving the conviction and sentence on the greater offense intact.[15]

---

[15] This approach is consistent with that taken by the Federal courts of appeal presented with the same issue subsequent to *Milanovich.* See, *e.g., United States v Stavros,* 597 F2d 108 (CA 7, 1979); *United*

A new trial on the robbery count in this case would result in an expenditure of court resources and the possibility of acquittal—through loss of evidence or other cause—of a reliably convicted defendant for no legitimate reason. *Gaddis, supra,* 552-553 (White, J., concurring).

We affirm defendant's conviction of armed robbery and vacate the convictions of larceny over $100 and larceny in a building.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred with RYAN, J.

States v Buckley, 586 F2d 498 (CA 5, 1978); *United States v Slutsky,* 487 F2d 832 (CA 2, 1973); *O'Clair v United States,* 470 F2d 1199 (CA 1, 1972); *United States v Rosenthal,* 454 F2d 1252 (CA 2, 1972).