In re BAY COUNTY PROSECUTOR
(BAY COUNTY PROSECUTOR v BAY COUNTY DISTRICT JUDGE)

Docket No. 45263. Submitted October 8, 1980, at Lansing.—Decided December 16, 1980. Leave to appeal applied for.

The Bay County prosecuting attorney charged a 17-year-old male with the offense of larceny in a building for allegedly stealing a $15 pair of pants from a store. At the preliminary examination, testimony clearly established that the offense charged had been committed and that probable cause existed to charge the defendant with the crime. Defense counsel moved to have the charge dismissed on the grounds that under *People v Carmichael*, 86 Mich App 418; 272 NW2d 667 (1978), a defendant in shoplifting situations should be charged with simple larceny rather than with larceny in a building. Bay County District Judge Paul Harvey thereupon offered the prosecuting attorney the option of reducing the charge to simple larceny as an alternative to dismissal. The prosecutor declined to reduce the charge and subsequently filed a petition in Bay Circuit Court, seeking a writ of superintending control against Judge Harvey for refusal to bind the defendant over to circuit court on the larceny in a building charge. Judge Harvey had also dismissed the charges against another defendant in a similar case before him. Eugene C. Penzien, J., granted superintending control and ordered Judge Harvey to bind over the man to circuit court on the charge of larceny in a building. Since Judge Penzien had argued the *Carmichael* case before the Court of Appeals, Judge Harvey moved to have Judge Penzien disqualified on the basis that he was prejudiced. Judge Penzien denied the motion to disqualify himself. Judge Harvey appeals. *Held:*

1. A writ of superintending control is an extraordinary

References for Points in Headnotes

[1, 6] 20 Am Jur 2d, Courts § 111 *et seq.*

[2] 46 Am Jur 2d, Judges §§ 168, 169.
   Disqualification of judge by state, in criminal case, for bias or prejudice. 68 ALR3d 509.

[3] 5 Am Jur 2d, Appeal and Error § 948 *et seq.*
   20 Am Jur 2d, Courts § 183 *et seq.*

[4] 20 Am Jur 2d, Courts §§ 183 *et seq.,* 192 *et seq.*

[5] 63 Am Jur 2d, Prosecuting Attorneys § 25 *et seq.*

remedy and is not available where there is a plain, speedy and alternative remedy. Where a policy decision affecting all similar cases is involved, the prosecutor is not mandated to employ an alternative method of review. The district judge indicated a general policy on his part to refuse to bind over all persons charged with larceny where the value of the items taken would be cognizable as simple larceny. The writ of superintending control was the proper method of review.

2. Bias or prejudice must be clearly demonstrated to warrant disqualification of a judge. A judge's view of the law, even if strongly held, is not grounds for disqualification. The fact that the circuit judge was the former prosecutor who argued the *Carmichael* case in the Court of Appeals is not a sufficient showing of prejudice. No error resulted in Judge Penzien's refusal to disqualify himself.

3. Panels of the Court of Appeals constitute courts of equal dignity, and a decision of one does not overrule a prior decision of another. A trial court is entitled to choose which line of cases to follow. Although the language in *Carmichael* upon which the trial court relied was dicta, it was language directed at the prevailing practice of the prosecuting attorney's office in Bay County. Although two subsequent cases have deviated from the rule laid down in *Carmichael,* the propriety of the trial court's decision must be considered in light of the substantive law as it then existed and not as it subsequently developed. The district judge did not abuse his discretion. A writ of superintending control should not have been issued.

Reversed and remanded.

BEASLEY, J., concurred. He believes the district judge was entitled to rely on the decision of the Court of Appeals in *People v Carmichael.* Ordinarily, where a prosecutor seeks to appeal from an adverse finding on his motion to bind over, the proper remedy is appeal. However, where a district judge interprets a statute in several pending cases in a way that a prosecuting attorney believes is erroneous, he would permit use of the extraordinary remedy of superintending control.

### OPINION OF THE COURT

1. SUPERINTENDING CONTROL — AVAILABILITY OF WRIT — COURT RULES.

A writ of superintending control is an extraordinary remedy and is not available where there is a plain, speedy and alternative remedy (GCR 1963, 711.2).

2. JUDGES — DISQUALIFICATION — BIAS OR PREJUDICE.
   Bias or prejudice must be clearly demonstrated on the part of a
   judge to justify his disqualification and a judge's view of the
   law, even if strongly held, is not grounds for disqualification.

3. COURTS — COURT OF APPEALS PANELS — EQUAL DIGNITY.
   Different panels of the Court of Appeals constitute courts of equal
   dignity and a decision of one panel does not overrule a prior
   decision of another.

4. COURTS — PROPRIETY OF TRIAL COURT DECISION.
   The propriety of a trial court's decision must be considered in
   light of the substantive law as it existed at the time of the
   decision and not as it subsequently developed.

                   CONCURRENCE BY BEASLEY, J.

5. PROSECUTING ATTORNEYS — DISCRETION — CHARGING DEFENDANT.
   *A county prosecutor has wide, although not unlimited, discretion*
   *in choosing a statute under which to charge a suspected of-*
   *fender.*

6. SUPERINTENDING CONTROL — PROSECUTOR'S APPEALS — MOTION TO
   BIND OVER.
   *Ordinarily, where a prosecutor seeks to appeal from an adverse*
   *finding on his motion to bind over, the proper remedy is appeal;*
   *however, where a district judge interprets a statute in several*
   *pending cases in a way that a prosecutor believes is erroneous,*
   *the extraordinary remedy of superintending control should be*
   *permitted.*

*George B. Mullison,* Prosecuting Attorney, and
*Thomas J. Rasdale,* Assistant Prosecuting Attor-
ney, for plaintiff.

*Patterson, Gruber & Kennedy, P.C.,* for defen-
dant.

Before: V. J. BRENNAN, P.J., and ALLEN and
BEASLEY, JJ.

PER CURIAM. District Court Judge Paul Harvey
appeals as of right a May 8, 1979, order of superin-
tending control issued by the circuit court of Bay
County requiring him to bind over all persons

charged with larceny in a building, MCL 750.360; MSA 28.592, where the facts, established at a preliminary examination, indicate that the crime has been committed and that there is probable cause to believe the accused committed the offense. We reverse.

February 20, 1978, Dennis Wayne Rytlewski, age 17, was arrested for stealing a $15 pair of pants from a store and was charged with the offense of larceny in a building. At the preliminary examination, testimony was offered which clearly established that the offense charged had been committed and that probable cause existed to charge Rytlewski with the crime. At the conclusion of proofs offered at the preliminary examination, defense counsel moved to dismiss the charge on grounds that under *People v Carmichael,* 86 Mich App 418, 422; 272 NW2d 667 (1978), a defendant in shoplifting situations should be charged with simple larceny rather than with larceny in a building. Judge Harvey agreed but offered the prosecution the option of charging simple larceny.

The prosecutor declined to reduce the charge and on March 27, 1979, filed a petition in circuit court seeking a writ of superintending control against Judge Harvey for refusal to bind Rytlewski over to circuit court. The matter was assigned to the then recently elected Judge Eugene C. Penzien, who formerly had been the Bay County prosecutor and who had argued *Carmichael* before the Court of Appeals. A motion was made to disqualify Judge Penzien on grounds that he was prejudiced. Meanwhile, similar proceedings were taking place at a preliminary examination in the case of *People v Larry Frank Welzin.*[1] Following

---

[1] On March 16, 1979, a preliminary examination was held in the case of *People v Larry Frank Welzin* before Judge Harvey. Welzin was charged with larceny in a building, but Judge Harvey dismissed

hearings on both the Rytlewski and Welzin matters, Judge Penzien denied the motions to disqualify, granted superintending control in both cases and ordered Judge Harvey to bind over Rytlewski to circuit court on the charge of larceny in a building. Additionally, the court instructed that *Carmichael* did not require a district judge to refrain from binding over for trial an individual charged with larceny in a building where the facts presented at preliminary examination established probable cause to believe that the person charged had committed the crime. It was further ordered that, if evidence at the *Welzin* preliminary examination established probable cause to believe that Welzin committed the offense charged, Judge Harvey was to bind Welzin over on that charge. The writ and orders in both cases were issued May 8, 1979. From such orders, defendant appeals.

We first decide whether a writ of superintending control is the proper method by which to review the district court's failure to bind over persons charged with larceny in a building, and, if so, whether the circuit judge should be disqualified on grounds of prejudice. A writ of superintending control is an extraordinary remedy and is not available where there is a plain, speedy and alternative remedy, GCR 1963, 711.2. An alternative method of review was available to the prosecutor, *viz.*, appeal to circuit court pursuant to MCL 600.8342; MSA 27A.8342 with right to appeal by leave to this Court. *Oakland County Prosecutor v 46th District Court Judge,* 72 Mich App 564; 250 NW2d 127 (1977), *People v Recorder's Court Judge,* 73 Mich App 150, 154; 250 NW2d 809 (1977).

on the authority of *Carmichael.* The prosecutor then sought superintending control and joined that matter with the writ sought in *Rytlewski.* A motion to disqualify Judge Penzien on grounds of prejudice was filed by counsel for Welzin.

However, we do not believe that the prosecutor is mandated to employ the alternative method of review where, as here, a policy decision affecting all similar cases was involved. The district judge clearly indicated a general policy on his part to refuse to bind over all persons charged with larceny where the value of the items taken would be cognizable as simple larceny. In such circumstances, the alternative method of review would not have afforded an adequate remedy. Accordingly, we conclude that on the matter before us a writ of superintending control was the proper method of review.[2]

We find no error in Judge Penzien's refusal to disqualify himself. Bias or prejudice must be clearly demonstrated. *People v Page,* 83 Mich App 412, 419; 268 NW2d 666 (1978). A judge's view of the law, even if strongly held, is not grounds for disqualification. *Laird v Tatum,* 408 US 1; 92 S Ct 2318; 33 L Ed 2d 154 (1972). The fact that the circuit judge was the former prosecutor who argued the *Carmichael* appeal in this Court is not a sufficient showing of prejudice.

This brings us to the central question raised on appeal in this matter. Did Judge Harvey violate a clear legal duty in failing to bind over Rytlewski and Welzin on charges of larceny in a building when the amount taken was under the value of $100 and could have been charged as a simple larceny misdemeanor? The question raised is of first impression.

Prior to *Carmichael,* it was settled law that an

---

[2] *People v Polk,* 59 Mich App 191; 229 NW2d 374 (1975), holds that a writ of superintending control is the *exclusive* method of review in cases where the magistrate dismisses an action at the close of preliminary examination. But *Polk* has been questioned and other cases hold it is not the exclusive method of review. *People v McCoy,* 75 Mich App 164, 170-172; 254 NW2d 829 (1977).

accused could be charged with the offense of larceny in a building even though the property taken was under the value of $100, and the offense could, in the prosecutor's discretion, be properly charged as simple larceny, a misdemeanor. *People v Shepard,* 63 Mich App 316; 234 NW2d 502 (1975), *People v Midgyett,* 49 Mich App 663; 212 NW2d 754 (1973), *People v Graves,* 31 Mich App 635; 188 NW2d 87 (1971). In *Carmichael,* a unanimous panel opined that "it was not the intent of the Legislature to have the larceny in a building statute applicable in shoplifting cases". Thus, *Carmichael* represented a substantial deviation from prior law.

Panels of this Court constitute courts of equal dignity, and a decision of one does not overrule a prior decision of another. *People v Patton,* 69 Mich App 330; 244 NW2d 467 (1976). Under such circumstances, a trial court is entitled to choose which line of cases to follow. Though the language in *Carmichael,* upon which the trial court relied, was technically dicta,[3] it was language directed at the prevailing practice of the prosecuting attorney's office in Bay County. Thus we cannot fault the district judge's reliance on *Carmichael* in the instant case. Though two subsequent cases have deviated from the rule laid down in *Carmichael* (*Evans, supra,* and *People v Hart,* 98 Mich App 273; 296 NW2d 235 [1980]), the propriety of the trial court's decision must be considered in light of the substantive law as it then existed and not as it subsequently developed. *Marshall v Pech,* 95 Mich App 454; 291 NW2d 78 (1980).

Given the fact that *Carmichael* was specifically concerned with alleged overcharging by the prosecutor's office of Bay County and was the latest

[3] *People v Evans,* 94 Mich App 4, 11; 287 NW2d 608 (1979).

expression of the law at the time, and given the further fact that the value of the property taken was minimal, we are unable to find an abuse of discretion. At the time Judge Harvey refused to bind over Rytlewski and Welzin, *Carmichael* was viable authority upon which Judge Harvey could rely for his decision. Not all members of this panel agree with *Carmichael,* but all members do agree that, because of *Carmichael,* defendant's refusal to bind over was not an abuse of discretion. Accordingly, a writ of superintending control should not have been issued.[4]

Reversed and remanded in accordance with this opinion.

Beasley, J. *(concurring).* I concur in the result reached by the majority.

The district judge was entitled to rely on the decision of this Court in *People v Carmichael.*[1] However, I do not agree with all that was said in *Carmichael.*

A county prosecutor has a wide, although not unlimited, discretion in choosing a statute under which to charge a suspected offender. *People v Evans*[2] deals with this issue in greater detail and is in conflict with *Carmichael.* Until the Supreme Court resolves these conflicting viewpoints, a lower court enjoys an option to follow whichever view is found more persuasive.

Ordinarily, where a prosecutor seeks to appeal from an adverse finding on his motion to bind over, the proper remedy is appeal. See, *People v McCoy.*[3] However, where, as here, a district judge

[4] Our decision in this regard makes it unnecessary to consider the remaining issues raised by defendant.

[1] 86 Mich App 418; 272 NW2d 667 (1978).

[2] 94 Mich App 4; 287 NW2d 608 (1979).

[3] 75 Mich App 164; 254 NW2d 829 (1977).

interprets a statute in several pending cases in a way that a prosecutor believes is erroneous, I would permit use of the extraordinary remedy of superintending control.

Except in these respects, I concur in the majority opinion.