PEOPLE v BONDS

Docket No. 65142. Submitted September 16, 1982, at Lansing.—Decided November 4, 1982. Leave to appeal denied, 417 Mich __.

William E. Bonds was charged with larceny in a building. The charge was based upon the shoplifting of a $35 jacket. Pursuant to a plea bargain, defendant pled guilty to attempted larceny in a building in Eaton Circuit Court,. Hudson E. Deming, J. Defendant appeals, claiming that the prosecutor abused his discretion by charging him with the felony of larceny in a building rather than the misdemeanor of simple larceny. *Held:*

A prosecutor may, in the exercise of his discretion, charge a simple shoplifting under the larceny in a building statute rather than the simple larceny statute.

Affirmed.

ALLEN, J., dissented. He would hold that the Legislature did not intend simple shoplifting of a $35 item to be prosecuted under the larceny in a building statute.

OPINION OF THE COURT

1. LARCENY — SHOPLIFTING — LARCENY IN A BUILDING — SIMPLE LARCENY.

It is not an abuse of discretion for a prosecutor to charge a person who shoplifted a $35 jacket with the felony of larceny in a building rather than the misdemeanor of simple larceny.

DISSENT BY ALLEN, J.

2. LARCENY — SHOPLIFTING — LARCENY IN A BUILDING — SIMPLE LARCENY.

*It was not the intent of the Legislature that the shoplifting of a $35 jacket should be prosecuted with the felony of larceny in a building rather than the misdemeanor of simple larceny; accordingly, under such circumstances, it is an abuse of discretion for a prosecutor to bring the felony charge.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur 2d, Larceny §§ 44, 49, 50.
Validity, construction, and effect of statutes establishing shoplifting as specific criminal offense. 90 ALR2d 811.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

, State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and M. J. KELLY, JJ.

PER CURIAM. Under the terms of a plea bargain defendant pled guilty to attempted larceny in a building. MCL 750.92, 750.360; MSA 28.287, 28.592. He was sentenced to eight months in the county jail.

On appeal, defendant claims that the prosecutor abused his discretion by charging him with larceny in a building rather than a 90-day misdemeanor. Although this Court is split on the issue, we follow the majority in *People v Evans,* 94 Mich App 4; 287 NW2d 608 (1979), which held that the prosecutor has discretion to choose between both applicable statutes. See also *People v Freeland,* 101 Mich App 501; 300 NW2d 616 (1980).

Affirmed.

ALLEN, J. *(dissenting).* As a member of the panel in both *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978), and *In re Bay County Prosecutor,* 102 Mich App 543; 302 NW2d 225 (1980), I must disagree. The instant case involves the simple shoplifting of a $35 ski jacket. I do not believe the Legislature intended simple shoplifting, a 90-day misdemeanor, to be prosecuted under the larceny in a building statute.